IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

           Petitioner,                  No. CIV S-08-1466 DAD P

    vs.

ED FOULK,

           Respondent.             <u>ORDER TO SHOW CAUSE</u>

_____/

        Petitioner, a former state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

        Petitioner was committed to the California mental health system in 1989 for a term of fifteen years and four months following his plea of not guilty by reason of insanity on charges of attempted murder, with enhancements for the infliction of great bodily injury.  The instant petition does not challenge petitioner's conviction or original commitment.  Rather, petitioner challenges a 2007 jury determination that his commitment should be extended for a period of two years.  Petitioner claims that the attorney who represented him at the re-commitment proceedings rendered ineffective assistance of counsel, that his appellate attorney rendered ineffective assistance of counsel, and that the prosecutor at the re-commitment proceedings committed prejudicial misconduct.  On February 24, 2009, petitioner filed a notice

1

1   of change of address in which he informs the court that he has been released from his

2   confinement at Napa State Hospital.

3      A case becomes moot when "it no longer present[s] a case or controversy under

4   Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7-8 (1998).  In order to

5   satisfy the case-or-controversy requirement, the parties must have a personal stake in the

6   outcome of the suit throughout "all stages of federal judicial proceedings." United States v.

7   Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001).  Although a petitioner's release from custody does

8   not necessarily moot an appeal, some collateral consequence of the conviction must exist in order

9   for the claim to be maintained. Spencer, 523 U.S. at 7.  See also Caswell v. Calderon, 363 F.3d

10  832, 836 (9th Cir. 2004) ("A challenge to a prison sentence becomes moot once the sentence has

11  been served unless the petitioner continues to suffer collateral consequences").  When a

12  petitioner can receive no effective relief with respect to his claim, and there remain no resulting

13  collateral consequences, the appeal is moot.  See United States v. Arnette, No. 06-56323, 2009

14  WL 1284102, at *1 (9th Cir. 2009) (petitioner's claim challenging his detention, prior to

15  conditional release, after he was found not guilty by reason of insanity, became moot when he

16  was placed in custody pending disposition of new, unrelated charges, where he could no longer

17  receive effective relief with respect to his habeas claim).[1]

18     Good cause appearing, petitioner will be directed to inform the court within thirty

19  days from the date of this order why this action should not be dismissed as moot as a result of his

20  release from confinement.

21  DATED: September 30, 2009.

22

23  DAD:8
    atterbury1466.osc

24                DALE A. DROZD
                  UNITED STATES MAGISTRATE JUDGE

25

26    [1]  Citation of this unpublished disposition by the Ninth Circuit Court of Appeals is
    appropriate pursuant to Fed. R. App. P. 32.1 and U.S. Ct. of App. 9th Cir. Rule 36-3(b).